**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **CHERYL REDDEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **CASE NO.** |
| | ) | |
| **BOATHOUSE RESTAURANT, INC.,** | ) | |
| **and PETRO S. CHRISTOS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff, Cheryl Redden (hereinafter "Plaintiff"), through her attorney Patrick L. Proctor, states her complaint against Defendants Boathouse Restaurant, Inc. ("Boathouse") and Petros S. Christos ("Christos") (hereinafter collectively referred to as "Defendants") as follows:

## INTRODUCTION

1.      Plaintiff brings this cause of action seeking declaratory, injunctive, compensatory and other relief to redress violations of her rights under the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et. seq.* ("FLSA") and Indiana's Fair Wage and Hour Law, I.C. 22-2-5 *et. seq.*

2.      Plaintiff further asserts that Defendants have failed to pay Plaintiff for hours worked and failed to pay Plaintiff for overtime hours worked in violation of the minimum wage and overtime provisions of the FLSA, 29 U.S.C. §§ 206(a)(1), and 207(a)(1).

3.      Plaintiff further asserts a supplemental state statutory claim for her unpaid wages under the Indiana Wage Claims Statute, I.C. 22-2-9 *et. seq.*

## PARTIES

4.      Plaintiff is an individual citizen of the state of Indiana, residing in Whitley County, Indiana.

5.      Plaintiff was employed by Defendants in Kosciusko County, Indiana.

6.      Defendant Christos is an individual citizen of the state of Indiana, who resides and works in Kosciusko County, Indiana.  Defendant Christos is an owner and Manager of Defendant Boathouse.

7.      Defendant Boathouse is an Indiana corporation with offices located in Kosciusko County, Indiana.

8.      Defendants are all part of an "integrated enterprise" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(r).

9.      At all times relevant to this Complaint, Plaintiff was employed by Defendants.

10.      At all relevant times, Defendant Christos had supervisory authority over Plaintiff and was responsible in whole or in part of the violations of law giving rise to this complaint. Defendant Christos acted directly or indirectly in the interests of Boathouse in relation to Plaintiff's employment.

**JURISDICTION**

11.      This cause represents a federal question over which this Court has jurisdiction pursuant to 28 USC § 1331.

12.      The Court has jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. § 1367(a).

13.      Venue is appropriate in this Court pursuant to 28 USC § 1391, as Defendants resides in and are citizens of this judicial district and as all of the events or omissions giving rise to the claim occurred in this judicial district.

14.     At all times relevant to this complaint, each Defendant was an "employer" of Plaintiff, and Plaintiff was an "employee" of Defendants as those terms are defined by 29 U.S.C. §203(d) and (e) and, alternatively, by I.C. 22-2-2-3.

15.     At all times during Plaintiff's employment with Defendants, Plaintiff was directly engaged in interstate commerce.

16.     At all times during Plaintiff's employment with Defendants, Defendants were engaged in the production of goods for commerce and/or were involved in an Enterprise which was engaged in interstate commerce or the production of goods for interstate commerce.

17.     Each Defendant is subject to the FLSA, 29 U.S.C. §201 *et seq.*

18.     Defendant Boathouse is subject to Indiana's Payment Law, I.C. 22-2-5-1 *et seq.*

## FACTS

19.     Plaintiff began working for Boathouse as a waitress in July of 2015.

20.     While working at Boathouse Plaintiff's wage rate and working conditions were controlled by Defendant Christos.

21.     Plaintiff typically worked eight to nine shifts a week.

22.     She consistently worked a double shift, from 10:30 a.m. until 8:00 or 9:00 p.m., three days a week (i.e. six shifts).

23.     She also worked a single shift, either from 10:30 to 4:00, or from 4:40 to 9:00 or 10:00 p.m., two or three days a week (i.e. two or three additional shifts).

24.     Plaintiff estimates that she worked an average of 45 hours a week.

25.     Even though Plaintiff was required to arrive for work at 10:30 a.m. and begin performing duties to prepare for the customers, the Defendant instructed Plaintiff and other servers not to clock into to work until their first table arrived.

26.     Also, on occasion, if Plaintiff's recorded time was close to 40 hours for the week, the Defendant required Plaintiff to clock out, but continue working to finish her duties, so that there would not be a record of her having worked overtime for the week.

27.     The Defendant does not recall ever being paid overtime while she worked at Boathouse, but she routinely worked more than 40 hours in a week.

28.     Defendants paid Plaintiff an hourly rate of $2.13 an hour.

29.     In addition to her hourly rate of pay Plaintiff received tips from customers.

30.     At no time did Defendants inform Plaintiff of the provisions of § 3(m) of the Fair Labor Standards Act, 29 U.S.C. § 203(m), allowing for less than the full minimum wage under certain conditions.

31.     During the course of her employment, Plaintiff was not permitted to retain all of her tips.

32.     Plaintiff was required to pay 2.25% of her gross sales receipts (food and drink, including alcohol) to Boathouse, which money she was told was being paid to the bussers under a tip sharing arrangement.

33.     Plaintiff also was required to pay 4.0% of her gross alcohol sales to Boathouse, which was supposed to be shared with the bar tenders under a tip sharing arrangement.

34.     Defendants did not share tips with the bussers.  The bussers received minimum wage and no tips.

35.     The Defendant did share tips with the bar tenders.

36.     Plaintiff believes that the 2.25% of gross sales that were withheld from her tips each night to pay to the bussers, were retained by Defendants.

37.     Management employees who worked for Boathouse told Plaintiff that, before she began working for Defendants, Defendant Christos increased the amount of the tip that was being taken to allegedly share with the bussers from 2.0% to 2.5% when Defendant Christos had a baby.

38.     Also, during Plaintiff's employment with Defendants, she had to work banquets (at least 5 or 6 times).

39.     When a customer of the Defendant held a banquet at the Defendant's restaurant, Defendants would charge the customer an automatic amount of 17% - 20% of the gross invoice for gratuity which was automatically added onto the bill.

40.     However, the Defendant paid Plaintiff and other servers much less money for gratuity than Defendants charged to the customers.  Defendants would retain the difference in the gratuity themselves.

41.     Defendants violated the provisions of the FLSA by failing to pay Plaintiff the statutory overtime premium for each hour that she worked over forty (40) in a single week.

42.     Defendants did not obtain written authorization from Plaintiff prior to withholding money from Plaintiff's paychecks.

## LEGAL CLAIMS

### Count I: Unpaid Overtime under the FLSA

43.     Plaintiff reasserts the allegations of paragraphs 1 through 42 of the Complaint as if fully set forth here.

44.     Plaintiff was a non-exempt employee of Defendants who was entitled to an overtime premium for any hours worked over forty (40) in any given work-week pursuant to the FLSA.

45.     During the period of her employment, Plaintiff regularly worked in excess of forty (40) hours each week, but Defendants did not compensate her for this overtime work.

46.     Defendants' unlawful conduct was willful.

47.     Defendants' conduct violated 29 U.S.C. §207(a)(1).

48.     Plaintiff has suffered injury due to Defendants' conduct in the form of lost wages.

## Count II:  Unpaid Minimum Wage under the FLSA

49.     Plaintiff reasserts the allegations of paragraphs 1 through 42 of the Complaint as if fully set forth here.

50.     Plaintiff was a non-exempt employee of Defendants who was entitled to minimum wages for all hours worked pursuant to the FLSA.

51.     Defendants violated the provisions of the FLSA by failing to inform Plaintiff of the provisions of 29 U.S.C. §203(m) before allocating Plaintiff's tips to satisfy a portion of the FLSA's minimum wage requirement.

52.     Defendants' failure to inform Plaintiff of the provisions of §3(m) of the FLSA and Defendants' practice of retaining a portion of Plaintiff's tip income renders Defendants ineligible for the tip credit provisions of 29 U.S.C. §203(m).

53.     Defendants' violation of the FLSA were intentional and willful.

54.     Pursuant to 29 U.S.C. §216, Plaintiff is entitled to recover economic damages equal to the difference between the amount of money actually paid to her by Defendants (without regard to any tips she may have earned) and the minimum wage, plus a like amount as liquidated damages and the costs of this action including a reasonable amount for attorneys' fees.

55.     Additionally, Plaintiff is entitled to recover the tips retained by Defendants from her tips during the course of her employment.

56.     Furthermore, during the period of her employment, Plaintiff performed work for which Defendants did not pay her any wages.  These include the periods before her first table arrived and for time she was required to work after clocking out towards the end of her shift.

57.     Defendants' conduct violated 29 U.S.C. §206.

58.     Defendants' unlawful conduct was intentional and willful.

59.     Plaintiff is entitled to recover for her unpaid wages plus a like amount in liquidated damages and attorneys' fees.

## COUNT III:  Indiana Wage and Hour Law

60.     Plaintiff reasserts the allegations of paragraphs 1 through 42 of the Complaint as if fully set forth here.

61.     Defendant Boathouse has violated the Indiana Wage and Hour Law, I.C. 22-2-8-1, by withholding money from Plaintiff's paychecks without a signed authorization.

62.     Defendant Boathouse has violated the Indiana Wage and Hour Law, I.C. 22-2-5, by failing to pay the Plaintiff wages that Plaintiffs earned.

63.      Pursuant to the Indiana Code § 22-2-5-2, Plaintiff is entitled to economic damages equal to the amount of money withheld from her paychecks and money not paid to her for hours worked plus liquidated damages in an amount equal to two times the amount of money withheld from her paychecks without authorization and unpaid wages plus a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, demands that this Court enter judgment against Defendants, jointly and severally, and grant the following relief:

1.      Reimbursement of Plaintiff's unpaid wages, unpaid overtime, and other economic damages, for the entire period of her employment with the Defendants in an amount to be determined at trial, plus interest at the statutory rate;

2.      Liquated damages for all unpaid wages and unpaid overtime under the FLSA;

3.      Liquated damages in the amount of double the amount of the total unpaid or unlawfully withheld wages pursuant to I.C. 22-2-5-2;

4.      All other economic damages shown to be causally related to Defendants' conduct.

5.      Prejudgment interest.

6.      Compensatory damages for his retaliatory discharge.

7.      Punitive damages for his retaliatory discharge.

8.      Costs and attorney fees and other costs related to this action; and

9.      All other relief available to him at law or in equity.

## Affirmation by Plaintiff

I affirm under the penalties of perjury that the facts set forth in this Complaint are true and complete to the best to my knowledge, belief and information.


October 10, 2017                          /s/Cheryl K. Redden
Date                                      Cheryl K. Redden

## **REQUEST FOR JURY TRIAL**

Plaintiff, Cheryl K. Redden requests that this matter be tried to a jury.


Respectfully Submitted:


/s/Patrick L. Proctor
Patrick L. Proctor, #17509-02


/s/Rachel J. Guin-Lowry
Rachel J. Guin-Lowry, #31722-02
EILBACHER FLETCHER, LLP
803 South Calhoun Street, 4th Floor
Fort Wayne, Indiana 46802
Telephone:  (260) 425-9777
Facsimile:  (260) 424-9177